UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMUEL MCDONOUGH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE, et al.,<br><br>　　　　　　Defendants. | Case No. C14-12 RAJ-BAT<br><br>**ORDER DENYING MOTION FOR SERVICE ON ADDITIONAL DEFENDANTS** |

On January 9, 2013, Plaintiff filed an amended complaint. Dkt. 15.  The complaint was not signed under penalty of perjury and lacked a caption listing all defendants. *Id.*  After Plaintiff provided the caption and signature pages, the Court directed that Plaintiff's Amended Complaint be served on all individuals sufficiently identified in the amended complaint.  Dkts. 18, 19.

On February 21, 2014, Plaintiff filed a motion for service on additional defendants.  Dkt. 20.  In this motion, Plaintiff states that he forgot to include Officer Marshand and several unidentified nurses employed at SCORE in the caption of his Amended Complaint and asks that these additional defendants be added to this action and served.  *Id.*  However, Plaintiff has failed to sufficiently allege a cause of action against these additional individuals.  In his Amended Complaint, Plaintiff states only that unidentified nurses from SCORE "must have called nurses

ORDER DENYING MOTION FOR SERVICE ON ADDITIONAL
DEFENDANTS - 1

from KCCF and were informed that [Plaintiff] falsified [his] blood sugars somehow in order to get extra food." Plaintiff also alleges that these unidentified nurses from SCORE were told that he is a homosexual prostitute, a pervert sex offender, and that he commits sexual acts in return for food. Dkt. 15, pp. 7-8. With regard to Officer Marshand, Plaintiff alleges only that Officer Marchand "did everything he could to keep food away from me, retaliating for gossip." *Id.*, p. 8. Plaintiff also summarily alleges that Defendants Marshand along with several unidentified guards and nurses failed to timely treat his diabetes, refused to treat his low blood sugar, and left him in a state of "OKA" for one night, all in violation of his Eighth Amendment rights. *Id.*, p. 12. These conclusory allegations against these groups of defendants do not sufficiently state causes of action against any named individual for deliberate indifference to a serious medical need or retaliation.

To establish a constitutional violation under the Eighth Amendment due to inadequate or denial of medical care, a plaintiff must show "deliberate indifference" by prison officials to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference to a prisoner's medical needs is defined by the Court as the "unnecessary and wanton infliction of pain." *Id*. Indifference proscribed by the Eighth Amendment may be manifested by a prison doctor's response to the prisoner's need, by the intentional denying or delaying access to medical care, or the intentional interference with treatment once prescribed. *Id.* "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Plaintiff fails to allege a serious medical need and fails to allege with sufficiency what each individual did or did not do that caused him injury.

"A prisoner suing prison officials under 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not

ORDER DENYING MOTION FOR SERVICE ON ADDITIONAL
DEFENDANTS - 2

advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam) (*citing Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985)). The prisoner must establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Id.* Finally, the prisoner must demonstrate that his first amendment rights were actually chilled by the alleged retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir.2000). Plaintiff fails to allege that he was engaged in a constitutional activity, does not describe with sufficient detail what was done in retaliation, and does not allege that his first amendment rights were actually chilled by the retaliatory action.

If Plaintiff wishes to pursue these causes of action and is able to cure the above noted deficiencies, he may file a motion to amend to which he should attach a proposed second amended complaint. In the proposed second amended complaint, Plaintiff must set forth facts describing: (1) the constitutional right Plaintiff believes was violated; (2) name of the person or persons who violated the right; (3) exactly what the individual or individuals did or failed to do; (4) how the action or inaction of that person or persons is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Plaintiff is also advised that this Court has no jurisdiction over individuals identified solely as "unknown guards" or "John/Jane Doe nurses" and unnamed individuals cannot be served.

Plaintiff's proposed second amended complaint must be **legibly rewritten or retyped in its entirety.** A supplement or a proposed amended complaint that attempts to incorporate by reference the existing complaint will not be accepted. Plaintiff must set forth all parties, all allegations, and all causes of action in any amendment. An amended complaint operates as a

ORDER DENYING MOTION FOR SERVICE ON ADDITIONAL
DEFENDANTS - 3

complete substitute for the present complaint. Therefore, if the Court accepts Plaintiff's proposed second amended complaint, the existing amended complaint will no longer serve any function in this case and reference to the original complaint is unacceptable.

The Court will screen the proposed amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the proposed amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for service on additional defendants (Dkt. 20) is **DENIED.**

(2) The Clerk shall send a copy of this Order to Plaintiff.

DATED this 3rd day of March, 2014 .

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge